**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO: 3:09-CV-171-RJC-DCK**

| | |
|---|---|
| **DIAGNOSTIC DEVICES, INC.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| **DIABETES CARE CLUB, LLC,,** | ) ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Attorneys' Fees" (Document No. 34) by Diagnostic Devices, Inc. ("DDI"). Diabetes Care Club, LLC ("DCC") opposes the motion. (Document No. 44). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for consideration. Having carefully considered the record, the undersigned will **deny** the motion for the following reasons:

Plaintiff seeks attorneys' fees for the Defendant's alleged failure to attend depositions. DDI noticed the depositions of Joshua Pittman, a Rule 30(b)(6) designee for DCC, and L. Douglas Hudson, the CEO of DCC. Defendant moved to stay the depositions of these witnesses. Plaintiff contends that the Defendant's motion for protective order and to stay was not made in good faith and seeks attorneys' fees for DCC's refusal to produce witnesses for deposition. (Document No. 35).[1]

DCC contends that the facts "are not as simple or clear as asserted by DDI." (Document No. 44, p. 1). DCC points out that DDI noticed the depositions without conferring with opposing

---

[1] DDI has not filed a supporting memorandum for its motion for attorneys' fees. Instead, it indicates that "[i]n support of this Motion, DDI relies upon the pleadings, declarations and affidavits filed in this action" and the brief in opposition to the motion for protective order and stay. (Document No. 34). LCvR 7.1(C)(2) provides in relevant part that "[e]ach motion should be set forth as a separately filed pleading." The Local Rules envision that each motion shall be filed separately and supported by a separate memorandum.

counsel as to available dates. DCC's counsel informed DDI's counsel prior to the noticed dates that the witnesses were not available then, but that "we will work with you to find suitable dates." (Document No. 45-2). DCC also asserts that there are legal issues and undisputed facts that may resolve this matter upon summary judgment without deposition discovery. DCC contends it appropriately and timely raised these issues with the Court through its motion for summary judgment and motion for protective order and stay.

Civil Rule 37(d) provides in relevant part that the Court may, on motion, order sanctions if "a party or a party's officer, director, or managing agent– or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). Civil Rule 37(d) further provides that a failure to appear may be excused if the party "has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2). Here, DCC has a motion for protective order pending before the Court. Moreover, contrary to DDI's contention, nothing in the record suggests "bad faith" on the part of DCC. In fact, DCC offered to agree to postponement of DDI's response date on the summary judgment motion until after the Court ruled on the motion for protective order and stay. The undersigned finds no basis for an award of attorneys' fees or other sanction in this situation.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Attorneys' Fees" (Document No. 34) is **DENIED**.

**IT IS SO ORDERED**.

Signed: November 2, 2009

David C. Keesler
United States Magistrate Judge